THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDY HOPKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COASTAL COMMUNITY ACTION PROGRAM, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C21-5916-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Brandy Hopkins's motion to compel discovery responses. (Dkt. No. 11.) Plaintiff seeks Defendant Coastal Community Action Program's outstanding email attachments to Bates numbered pages CCAP 914–919 and ESI search parameters, and reasonable attorney fees under Federal Rule of Civil Procedure 37(a)(5). (Dkt. No. 17 at 7.) Plaintiff also moves to strike Defendant's late filed response (Dkt. No. 17 at 2). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

In a civil action, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad authority and discretion to manage this process. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). It expects that the parties will work to conduct

discovery efficiently and cooperatively. *See HP Tuners, LLC v. Sykes-Bonnett*, 2018 WL 10398220, slip op. at 1 (W.D. Wash. 2018) (citing Fed. R. Civ. P. 1). Accordingly, the filing of contested discovery motions is strongly disfavored. *See, e.g.*, *Est. of Jensen by Dow v. Cnty. of Snohomish*, 2021 WL 3418800, slip op. at 1 (W.D. Wash. 2021). Nevertheless, if the parties are unable to agree on a given discovery issue, the Court will step in to resolve the disputed issue.

I.   **REQUEST TO STRIKE DEFENDANT'S LATE RESPONSE**

Plaintiff moves to strike Defendant's response as untimely. (Dkt. No. 17 at 2.) The response was filed two days after it was due under LCR 7(d)(3). (*See* Dkt. Nos. 11, 14, 17.) Defendant did not seek permission or offer any explanation for their late reply. However, motions to strike are generally disfavored, and "should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties." *Johnson v. U.S. Bancorp*, 2012 WL 6615507, slip. op.at 7 (W.D. Wash. 2012) (citation and internal quotation marks omitted). The Court believes that striking the untimely response would be too harsh here, given the apparent lack of prejudice to Plaintiff and the short nature of the delay. So the motion to strike is DENIED. But defense counsel cannot expect this leeway going forward, and the Court will not hesitate to strike late filings in the future if appropriate.

II.  **MOTION TO COMPEL**

After Plaintiff moved to compel, Defendant provided some, but not all, of the apparently outstanding documents. But Defendant has still failed to produce the attachments to the emails located at Bates pages CPAP 914–919, as requested by Plaintiff.  (*See* Dkt. No. 17 at 5.)  Instead, Defendant has produced the requested information as a "data-dump" (*see* Dkt. No. 18 at 2), producing large quantities of emails that are unresponsive to Plaintiff's specific requests. Fed. R. Civ. P. 34(b)(2)(E); *see Clientron Corp. v. Devon IT, Inc.*, 310 F.R.D. 262, 266 (E.D. Pa. 2015). Defendant is ORDERED to produce the outstanding attachments to the emails in Bates pages CCAP 914–919. Additionally, the Court expects any party producing documents to avoid, to the extent possible, producing nonresponsive documents. Having to sift through reams of

unresponsive materials among which some responsive documents may be hiding serves no purpose but to make lawsuits slower and pricier. The parties must address this during the meet-and-confer session that the Court orders elsewhere in this ruling.

The parties agreed in their joint status report (Dkt. No. 7 at 4) to use the Court's Model Protocol for Discovery of ESI (https://www.wawd.uscourts.gov/sites/wawd/files/61412ModeleDiscoveryProtocol.pdf). This protocol requires producing parties to "disclose what search terms, if any, were used to locate ESI likely to contain discoverable information." Model Protocol for Discovery of Electronically Stored Information in Civil Litigation at 5. If search terms were not used, the producing party "shall disclose the search methodology used to locate ESI likely to contain discoverable information." *Id.* Accordingly, Defendant is ORDERED to either provide the search terms or disclose the search methodology used to locate ESI for the e-mail accounts searched, including those of CEO Craig Dublanko, CFO Lucky Machowek, Dean Louder, Director Jason Hoseney, and Plaintiff Brandy Hopkins.

Additionally, the parties are ORDERED to meet and confer to discuss remaining discovery disputes and to resolve them; or, if that is not possible, at least identify and distill them for presentation to the Court in a sufficiently discrete and detailed manner to permit the Court to know what it is ordering. If the parties are unable to resolve all issues during this conference, they are directed to use the expedited joint motion procedure, as laid out in LCR 37(a)(2), to articulate both specific discovery demands and the reasons for opposition to these requests.

### III. MOTION FOR REASONABLE ATTORNEY'S FEES

Plaintiff seeks attorney fees for filing its motion to compel. (Dkt. No. 11 at 8.) The Court DENIES this request based on Defendant's recent supplemented responses and proclaimed willingness to provide requested materials. Should Defendant fail to perform their discovery obligations, or fail to meet and confer in good faith, the Court will reconsider the matter of attorney fees.

IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's request to strike Defendant's response brief as untimely is DENIED.
2. Defendant is DIRECTED to produce and provide Plaintiff with the e-mail attachments to Bates nos. CCAP 914-919 and provide the search terms or search methodology used to locate the ESI.
3. The parties are ORDERED to meet and confer within fourteen (14) days of this order to discuss and resolve the remaining disputes identified in the parties' briefings.
4. If the parties are unable to reach agreement, they must follow the expedited joint motion procedure as laid out in LCR 37(a)(2) and present to the Court only those discovery issues on which agreement is not possible.
5. Plaintiff's request for attorney fees is DENIED.

DATED this 19th day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE